IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DANA HYCHE,

    Plaintiff,

v.

STATE OF WISCONSIN and
DANE COUNTY JAIL,

    Defendants.

OPINION & ORDER

Case No. 17-482-wmc

Plaintiff Dana Hyche brings this action under 42 U.S.C. § 1983 against defendants, the State of Wisconsin and the Dane County Jail. Hyche claims that the drinking water at the Dane County Jail violates his constitutional and state law rights. The complaint is now before the court for screening pursuant to 28 U.S.C. § 1915A. After review, the court concludes that while plaintiff has articulated Fourteenth Amendment due process and state law negligence claims related to the environmental hazards at the jail, he will be required to file an amended complaint that names a proper defendant to avoid dismissal.

ALLEGATIONS OF FACT[1]

On April 29, 2017, plaintiff Dana Hyche was held at the Dane County Jail in the "old jail level 7-11-H." He alleges that while he was there, a sign was posted that directed inmates to "run drinking water 2 minutes before drinking." Hyche followed the directions on the notice, but he was never able to draw cold water from the tap. Additionally, Hyche noticed particles floating in the water. Hyche was transferred to another level, "7-10-H," where the water had the same problem. Hyche claims that he filed a grievance about the water, and was

---

[1] Courts must read allegations in *pro se* complaints generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

told that 95 percent of the water was clean, and 5 percent was tainted. As to the 5 percent, Hyche was told that they were "working on it."

OPINION

While plaintiff indicated on the form complaint that he is suing under state law, his allegations implicate both constitutional and state law claims. As to his constitutional claim, plaintiff does not explain whether he was a pretrial detainee or a convicted prisoner during the relevant time period, which is relevant to the legal standard that applies to his claims. If he is a detainee, his claims are governed by the due process clause of the Fourteenth Amendment; if he is a prisoner, then his claim is governed by the Eighth Amendment. *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015). Historically, the Seventh Circuit has applied the Eighth Amendment standard to detainee's constitutional claims related to conditions of confinement, but it recently changed course based on the Supreme Court's reasoning in *Kingsley v. Hendrickson,* 135 S. Ct. 2466 (2015), that excessive force claims by pretrial detainees are governed by the due process clause of the Fourteenth Amendment. *Id.* at 2475. Specifically, in *Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018), the Seventh Circuit extended the holding in *Kingsley* to medical care claims. *Id.* at 352-53. Given that a prisoner's medical care is just one subset of a conditions of confinement claim, it is reasonable to infer that *Kingsley* applies with equal force to the type of conditions of confinement claims plaintiff outlines here. Indeed, other courts in this circuit have assumed the same. *See Moore v. Germaine*, No. 18-cv-01378-JPG, 2018 WL 4027575, at *2 (S.D. Ill. Aug. 23, 2018) (screening pretrial detainee conditions of confinement claim under Fourteenth Amendment standard, citing *Miranda*); *McWilliams v. Cook Cty.*, No. 15 C 53, 2018 WL 3970145, at *5 (N.D. Ill. Aug. 20, 2018)

("*Miranda*'s logic reaches the broader genus of conditions of confinement claims, of which medical treatment claims are merely a species.") (citation omitted).

Therefore, under *Kingsley* and *Miranda*, the failure to provide adequate conditions of confinement violates the Due Process Clause if: (1) the defendants acted with purposeful, knowing, or reckless disregard of the consequences of their actions; and (2) the defendants' conduct was objectively unreasonable. *Miranda*, 900 F.3d at 352–53. While it is not enough to show negligence, the plaintiff is not required to prove the defendant's subjective awareness that the conduct was unreasonable. *Id.* at 353. Plaintiff's complaint is about the lack of clean drinking water, and it is reasonable to infer that jail employees have exhibited deliberate indifference to that condition in failing to take steps to provide him with drinkable water. It is similarly reasonable to infer that these allegations state a claim for negligence under Wisconsin law. *See Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860.

Yet plaintiff may not proceed at this time because he has not identified a proper defendant. The State of Wisconsin is not implicated by plaintiff's allegations because Dane County, not the state, administers the jail, and plaintiff does not include any allegations suggesting that any state employee has been involved in administering the jail. Additionally, the "Dane County Jail" is not a suable entity for purposes of § 1983 since jail is a building and cannot be sued because it cannot accept service of the complaint. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Therefore, the court is dismissing plaintiff's complaint without prejudice. Since the court lacks the authority to amend plaintiff's complaint for him to substitute a proper defendant, *see Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005), if plaintiff wants to proceed on his claims in this lawsuit, he will need to file an amended complaint that identifies

3

a proper defendant. Such a defendant would include any jail employee that knew that plaintiff did not have access to clean and safe water and failed to take reasonable steps to ensure he had access to clean water. *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation."). If plaintiff does not know the identities of such person or persons, he may amend his complaint and identify the defendant or defendant by the name "Jane Doe" or "John Doe" as appropriate. Should plaintiff take that approach, the court will screen his complaint and plaintiff will then be afforded the opportunity to conduct discovery that will help him identify and substitute the proper defendants.

ORDER

1. Plaintiff Dana Hyche's complaint is DISMISSED without prejudice for failure to identify a proper defendant.

2. **Plaintiff may have until May 16, 2019, to submit an amended complaint that identifies a suable person or entity for purposes of 42 U.S.C. § 1983. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to prosecute.**

Entered this 25th day of April, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

4